# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| CRYSTAL MARIE STEPHENS | : |
| DEBTOR | : BANKRUPTCY NO. 15-17190 |
| CRYSTAL MARIE STEPHENS | : |
| PLAINTIFF | : |
| V. | : |
| NATIONSTAR MORTGAGE LLC AS SERVICER FOR DEUTSCHE BANK TRUST COMPANY AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. PASS THROUGH CERTIFICATES 2007-QO3 | : |
| DEFENDANT | : ADVERSARY NO. 15-547 |

# OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Plaintiff/Debtor Crystal Marie Stephens has filed a three count complaint against Defendant, Deutsche Bank Trust Company ("Deutsche"). Deutsche moves to dismiss the complaint in its entirety. The Plaintiff filed a Response to the Motion. A hearing on the matter was held on February 10, 2016. The Court thereafter took the matter under advisement. For the reasons which follow, the Motion will be granted and the Complaint

will be dismissed.[1]

*The Complaint*

Count I seeks a determination that Deutsche is not a secured creditor. Count II alleges a violation of the federal Fair Debt Collection Practices Act (FDCPA).[2] Count III seeks a declaratory judgment as to the claims in Count I.

*Grounds for Dismissal*

Deutsche's requests for dismissal are based on general principles of jurisdiction and on specific rules of procedure. As to Count I, Deutsche disputes the Plaintiff's claim that it lacks the requisite standing to foreclose. It also raises the *Rooker-Feldman* doctrine with respect to the Plaintiff's challenge to its secured status. As for Count II, Deutsche maintains that the Plaintiff has failed to state a claim for relief under the FDCPA. As to Count III, Deutsche argues that the Plaintiff has not plead any causes of action which would entitle her to declaratory relief.

*Deutsche's Secured Status*

Count I is entitled "DISPUTE THE VALIDITY PRIORITY OR EXTENT OF A LIEN" [*sic*]. The Plaintiff seeks therein a determination that Deutsche does not hold the mortgage against her real property. Her request is based on alternative theories, the first legal and the second factual. Plaintiff first argues that Deutsche is not a secured claimant because it "is a REMIC Trust and REMIC investors are not primarily secured by first mortgages or deeds of trust." Complaint ¶ 22. As legal support for this position

---

[1] As this complaint involves administration of the estate, determination of the validity of a lien, and otherwise seeks adjustment of the debtor-creditor relationship, it is within this Court's "core" jurisdiction. *See* 28 U.S.C. § 157(b)(2)(A), (K), and (O).

[2] 15 U.S.C. § 1692 et seq.

2

Plaintiff offers an opinion from the Supreme Court of the State of Washington, *Cashmere Valley Bank v. State of Washington, Department of Revenue*, 181 Wash. 2d 622, 334 P.2d 1100 (Wash. 2014); *Id.* ¶ 23. That case, however, is inapposite. C*ashmere Valley* is a tax case: the issue there was whether a bank which invested in mortgage-backed securities could deduct the interest earned on those investments from its income in determining tax liability. *Id.*, Ex. C, p.2. Unlike Deutsche, the bank in *Cashmere Valley* never owned the mortgages; it merely invested in securities which were backed by the mortgages.

As a matter of law, Deutsche *qua* REMIC trustee (Complaint ¶ 6) is the holder of Plaintiff's mortgage. A Real Estate Mortgage Investment Conduit (REMIC) is an entity that receives special tax treatment because it holds a pool of mortgages and pays the income from those mortgage to investors in its securities. *Williams v. GMAC Mortgage, Inc.*, 2014 WL 2560605, at *4 (S.D.N.Y. June 6, 2014) citing 26 U.S.C. § 860D (defining REMICs); *In re General Growth Properties, Inc.*, 409 B.R. 43, 51 (Bankr.S.D.N.Y. 2009) (explaining that the purchaser of a REMIC security is entitled to payment from the principal and interest on the mortgage pool). A trustee of a REMIC trust is a proper plaintiff in foreclosure actions even where the relevant litigation authority is delegated to a special servicer. *See* F.R.C.P. 17(a)(1)(E) (made applicable by B.R. 7017) (designating as real party in interest for trustee of an express trust); *U.S. Bank, N.A. v. DRG Crums Mills RI, LLC*, 2013 WL 4500655, at *3 (M.D.Pa. Aug. 21, 2013); *see also LaSalle Bank National Association v. Nomura Asset Capital Corp.*, 180 F.Supp.2d 465, 471, (S.D.N.Y.2001); *LaSalle Bank National Association v. Lehman Brothers Holdings, Inc.*, 237 F.Supp.2d 618, 622–25 (D.Md.2002); and *U.S. Bank National Association v.*

*Nesbitt Bellevue Property, LLC*, 859 F.Supp.2d 602, 607 (S.D.N.Y.2012). Assuming for present purposes that Deutsche obtained title to the Plaintiff's note and mortgage by assignment, its claim would enjoy secured status.

*Chain of Title*

In the alternative, Plaintiff contends that as a factual matter Deutsche is not a secured creditor. She maintains that the mortgage was never assigned to Deutsche because "there has been a broken chain of title regarding the alleged assigned mortgage to Defendant and several assignments prior to Defendant." Complaint ¶ 39. The count recites that in September 2009 the Mortgage Electronic Registration Systems, Inc. (MERS) assigned the mortgage to Aurora Loan Servicing, LLC (Aurora); that in February 2013 Aurora assigned the mortgage to Nationstar Mortgage, LLC (Nationstar); and that in October 2013 Nationstar assigned the mortgage to Deutsche. *Id*. ¶¶ 40-42. Plaintiff contends that because MERS did not own the note when it assigned the mortgage to Aurora, that assignment was invalid, thereby rendering all subsequent assignments invalid. *Id*. ¶¶ 43-44.

*Rooker-Feldman*

Deutsche's response to this second argument is that this Court lacks jurisdiction to make such a determination. Under what is known as the *Rooker-Feldman* doctrine,[3] the power of a lower federal court to hear a matter is circumscribed where its jurisdiction is concurrent with that of a state court. The Supreme Court has explained that the *Rooker-Feldman* doctrine is "confined … to cases brought by state court losers

---

[3] Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

4

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283, 125 S.Ct. 1521-22 (2010). The Third Circuit has interpreted the *Exxon* holding to require four elements for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Great Western Mining and Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) Because the state court necessarily found that Deutsche's predecessor (Aurora) was the holder of the note and mortgage when the state court entered the foreclosure judgment, Deutsche argues that the factual issue is settled once and for all.

Application of the *Rooker-Feldman* doctrine is a question of federal subject matter jurisdiction. *See Whiteford v. Reed*, 155 F.3d 671 (3d Cir. 1998). This is to say that by raising *Rooker-Feldman*, Deutsche is essentially moving to have Count I dismissed for lack of subject matter jurisdiction. See F.R.C.P 12(b)(1) (made applicable by B.R. 7012). In considering a motion to dismiss for lack of subject matter jurisdiction, "the Court may [usually] weigh evidence outside the pleadings to determine if it has jurisdiction." *U.S. ex rel Moore & Co., P.A., v. Majestic Blue Fisheries, LLC*, ---F.3d---, 2016 WL 386087, n.4 (3d Cir. Feb. 2, 2016) In this case, both parties have offered evidence—some of it the same evidence[4]—which bears on the question of jurisdiction. Even had they not done so, the court, of course, may take judicial notice of relevant

---

[4] Plaintiff offered at trial a copy of the docket in the foreclosure proceeding. Ex. D-4; Deutsche attached to its motion the foreclosure complaint and default judgment. Motion to Dismiss, Exs. F, L.

5

public records in order to make a determination. *See In re Ogilvie*, 533 B.R. 460, 463 (Bankr.M.D.Pa.2015)("A bankruptcy court may take judicial notice of its own records, as well as the records of other courts in related matters.")[5] The Court will thus take judicial notice of the docket entries in the underlying Chapter 7 case, as well as the docket entries in this Adversary Proceeding. Judicial notice will also be taken of the docket entries in the state law foreclosure proceeding brought against the Debtor, *Aurora Loan Services, LLC v. Crystal Marie Stephens*, No. 09-1470 in the Court of Common Pleas of Philadelphia County ("the foreclosure action").

The docket entries in the foreclosure action establish the first and third elements required for *Rooker-Feldman* to apply. The Debtor is the federal plaintiff in this court who lost in the state foreclosure action. The foreclosure judgment of which she complains was entered by the state court before (June 2010) this adversary proceeding was filed (December 2015). That leaves the questions of whether her present claim was caused by the foreclosure judgment (*Exxon* element #2) and whether a ruling by this Court on that claim would constitute review of that judgment (*Exxon* element #4).

*Causation*

The first count seeks to recharacterize Deutsche's interest in Plaintiff's home as *un*secured. It seems implicit that when Deutsche's predecessor in interest, Aurora, obtained summary judgment in foreclosure that interest was perforce found to be *secured,* otherwise the state court could not have entered the judgment. Plaintiff contends, nevertheless, that such finding was erroneous, and that this flawed finding in

---

[5] A federal court may take judicial notice of facts that are not subject to reasonable dispute. *See* F.R.E. 201(b), made applicable by B.R. 9017.

6

turn supported the judgment which Deutsche subsequently obtained by assignment, and now intends to use to foreclose on her home. Complaint ¶¶ 39-44.

*Review*

If the Court were to assume—for present purposes only—that all of these allegations are true, then this Court would necessarily have to decide that the state court erred in entering summary judgment in the foreclosure action. *See In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005) (finding that *Rooker-Feldman* doctrine precluded debtor's due process attack on her state foreclosure judgment because federal relief would rely on a finding the state court default judgment was "improperly obtained."). That would effectively constitute a lower federal court review of a state court judgment. *Exxon* elements number 2 and 4 are thus established on the record before the Court. Accordingly, under the *Rooker-Feldman* doctrine, this Court may not hear Plaintiff's challenge to Deutsche's secured status.[6] Count I will, therefore, be dismissed.

*FDCPA*

Count II alleges that the Deutsche violated the federal Fair Debt Collection Practices Act (FDCPA).[7] Complaint ¶¶ 47-54. Deutsche challenges this count for failure to state a claim upon which relief may be granted. *See* F.R.C.P. 12(b)(6) made applicable by B.R. 7012(b). To state a claim under Rule 8 of the Federal Rules of Civil

---

[6] To the extent that Plaintiff may be challenging any of the assignments of the mortgage which occurred after the foreclosure judgment, she would lack standing to do so. She cannot demonstrate any injury or harm sustained by her on account of those transfers. Any interest that might have been adversely affected in those transfers would involve the mortgage companies inter se and not the Plaintiff. *See Potoszny v. Aurora Loan Services, LLC,* 33 F.Supp. 3d 554, 556 n. 18 (E.D.Pa. 2014) ("Mortgagor did not suffer any injury in fact as result of mortgage lender's assignment of their mortgage, and thus lacked Article III standing to bring action seeking declaratory judgment that assignee did not own his loan)
[7] 15 U.S.C. § 1692a et seq.

7

Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2) (made applicable by B.R. 7008(a)). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

In general, the Act requires that a "*debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e(6) (emphasis added). As the emphasized language makes plain, there is a threshold requirement for liability to attach: the defendant must be a "debt collector." The term "debt collector" is specifically defined in the statute:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who *regularly collects* or attempts to collect, directly or indirectly, *debts owed* or due or asserted to be owed or due *another*.

15 U.S.C. § 1692(a)(6) (emphasis added). To state her case that Deutsche is a debt collector, the Plaintiff preemptively alleges in the negative that Deutsche is not a creditor. Complaint ¶ 47. Debtor argues that the statutory definition of "creditor" contains an exception for debts obtained by assignment:

> 15 U.S.C. § 1692a(4), "The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default…"

8

*Id.* ¶ 48. Because Deutsche took the note and mortgage by assignment when it was in default, it is excepted from the act's definition of "creditor." *Id.* ¶ 47. If Deutsche is not a creditor, then it must, concludes Plaintiff, be a debt collector.

This argument is based on an erroneous legal premise. The Complaint misquotes the statute which, *in its entirety*, reads as follows:

> (4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default *solely for the purpose of facilitating collection of such debt for another.*

15 U.S.C. § 1692a(4) (emphasis added) The Debtor has omitted the adverbial clause which concludes the definition: "solely for the purpose of facilitating collection of such debt for another." In its place Plaintiff puts an ellipsis. That is misleading. Plaintiff's excision would expand the exception to any creditor who takes a debt by assignment. That is not what the definition says: it only applies where the assignment was taken in order to collect the debt for another. An allegation that Deutsche purchased the loan from Nationstar does not automatically constitute Deutsche a "debt collector" under the statute.

*Liability Under*
*§ 1692e(4)*

Yet even assuming that the requisite status has been plead, no violation of the Act is set forth. Starting with § 1692e(4) Plaintiff alleges that Deutsche made the "*false* representation or implication that nonpayment of a debt will result in the … sale of property." Complaint ¶ 50 [emphasis added]. It is next alleged that "Defendant Motion [for relief from stay] implies that the alleged post-petition non-payment entitles

9

Defendant investors to proceed outside of bankruptcy court to foreclose on Plaintiff [sic] real property." *Id.* ¶ 51.

Here again, Plaintiff has misquoted the statute. Subsection (4) does not begin with the word "false" in front of the word "representation." Rather, the subsection reads as follows:

> (4) The representation or implication that nonpayment of any debt will result in … sale of any property … unless such action is lawful and the debt collector or creditor intends to take such action.

15 U.S.C. § 1692e(4). An actionable representation is one which suggests an unlawful action which the debt collector intends to take. In this case, the state court docket and motion for relief from stay in this court confirm that the action which Deutsche is taking; to wit, foreclosure, is legal. Moreover, Deutsche's § 362 motion never suggested in any way that Deutsche's *investors* were entitled to foreclose. Relief is sought only as to itself. Consequently, the Court discerns no violation of §1692e(4).

*Liability Under*
*§ 1692e(5)*

Neither, for that matter, does Count II set forth a violation of subsection (5). *See* Complaint ¶¶ 52-54. The subsection prohibits debt collection involving the "threat to take any action that cannot legally be taken or that it is not intended to be taken." 15 U.S.C. § 1692e(5). Plaintiff alleges that "Defendant Motion [for relief from stay] threatens to take an action that cannot legally be taken or that is not intended to be taken because Defendant investors is [*sic*] not a creditor in this bankruptcy proceeding and Plaintiff does not have a valid mortgage lien against Plaintiff real property." *Id.* ¶ 53. The next paragraph goes on to allege that "Defendant investors attempting [*sic*] to

10

continue a foreclosure action is an unlawful action because Defendant legally cannot take such action." *Id.* ¶ 54.

Here again, Plaintiff is proceeding from an erroneous premises. Even assuming that Deutsche's foreclosure efforts could constitute a "threat," there is no illegality in proceeding on one's rights. The question of the right to foreclose was settled by the state court. And as to Deutsche's state of mind, its intent to follow through with foreclosure is demonstrated by the very fact of this bankruptcy case. As a result of it, Deutsche moved for (and obtained) relief from the bankruptcy stay to continue foreclosure. No violation of subsection (5) of § 1692e is set forth. In sum, Count II fails to state a claim under either subsection of § 1692e of the FDCPA and it will be dismissed.[8][9][10]

*Declaratory Judgment*

The third and final count asks for a declaratory judgment in Plaintiff's favor as to the claim in Count I. The Declaratory Judgment Act ("the Act") provides, in relevant part, that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief

---

[8] In its responsive brief, Debtor added the variant argument that because Deutsche was "attempting to collect a debt on behalf [*sic*] investors invested in Residential Accredit Loan, Inc. Pass Through Certificates 2007-QO3," it is a debt collector as defined by the act. Brief, 7. This argument likewise fails because Deutsche's principal business purpose is neither the collection of debts nor the regular collection of debts for others. Deutsche is a Real Estate Mortgage Investment Conduit which securitizes mortgage loans.

[9] As to the allegation in ¶ 54 that "Defendant investors attempting to continue a foreclosure action is an unlawful act because Defendant legally cannot take such action," the Court can make no sense of it. The Complaint contains no allegation whatsoever with regard to the investors in Deutsche's certificates and any action they are supposed to have taken regarding foreclosure. Moreover, given that the Court has found via judicial notice that Deutsche has not committed any illegal action in foreclosing, its investors could not somehow be derivatively liable.

[10] This ruling is dispositive and as a result obviates the need to address Deutsche's statute of limitations argument.

is or could be sought." 28 U.S.C. § 2201. When there is an actual controversy between the parties, the Act allows a court to settle the parties' respective rights, even before there is a violation of law, exercise of right, or breach of duty. *In re Downingtown Indus. & Agr. School*, 172 B.R. 813, 819 (Bankr.E.D.Pa.1994). A declaratory judgment may well be appropriate in the context of a contract dispute even before an actual breach of the contract occurs. *See, e.g., Hardware Mutual Casualty Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir.1949) ("The purpose of the Declaratory Judgment Act is to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty.")

The parties here are well beyond the point of needing a *declaration* of their respective rights. The Plaintiff's suit represents a request for an affirmative adjudication in her favor on the merits of Count I. The Court, however, has already found that it lacks jurisdiction to rule on the claim in Count I, and moreover, the Court has ruled against the Plaintiff on the merits of Count II. Accordingly, the request for declaratory relief is moot.

*Summary*

For the foregoing reasons, the Motion of Deutsche Bank to Dismiss the Complaint will be granted.

An appropriate Order follows.

By the Court:

*[signature: Stephen Raslavich]*

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated: <u>March 14, 2016</u>